DECISION
{¶ 1} The Cincinnati Enquirer ("the Enquirer") appeals the trial court's judgment that denied its request for attorney fees and forfeiture in a case in which the Enquirer had sought access to public records. We conclude that its sole assignment of error is without merit and therefore affirm the judgment of the trial court.
 {¶ 2} On August 24, 2004, Sharon Coolidge, a reporter for the Enquirer, sent a written request to the Hamilton County Prosecutor's office seeking records related to a potential sexual-harassment lawsuit against then county prosecutor, Michael Allen. Included among the documents requested were two letters that are the subject of this appeal. The first letter, dated August 12, 2004, was addressed to Allen from Michael Moses, who was representing the alleged victim in the case, Rebecca Collins ("the Moses letter"). The letter offered to settle any claims that Collins might have had against Allen and included a copy of a draft sexual-harassment complaint. The second letter, also dated August 12, 2004, was addressed to Carl Stich, First Assistant Prosecuting Attorney, and set forth specific allegations of harassment that had occurred ("the internal complaint"). On August 26, Coolidge sent a second request for the documents.
 {¶ 3} According to Stich, Collins had delivered both letters to him on August 12, 2004. He forwarded the Moses letter to Allen, who, in turn, sent the letter to his private attorney, Michael Hawkins. Stich kept the internal complaint. Later on August 12, Stich was told that Moses had indicated that Collins wanted to withdraw the internal complaint while discussions about a resolution continued with Allen. Stich made no copies of the letter, and Collins later retrieved the letter from him.
 {¶ 4} On August 27, the Enquirer filed a complaint seeking a writ of mandamus to order Allen to make the requested documents available, pursuant to R.C. 149.43 and 149.351. The complaint also sought forfeiture and attorney fees. On the same day, the trial court granted a temporary restraining order to prevent the destruction of any of the requested documents. The matter was scheduled for a hearing on September 1, 2004.
 {¶ 5} At the hearing, Hawkins stated that he had not provided a copy of the Moses letter to the Enquirer because it had been marked "CONFIDENTIAL, INADMISSIBLE PRIVILEGED CORRESPONDENCE PURSUANT TO FEDERAL AND OHIO EVIDENCE RULE 408," and because Moses had told him that he wanted the letter to remain confidential. But Hawkins was willing to have the trial court review the letter to determine whether the letter was a public record as defined by R.C. 149.43. At the end of the hearing, the trial court concluded that the Moses letter was a public record and ordered that a copy of it be made available to the Enquirer. Hawkins complied with the order immediately.
 {¶ 6} Regarding the internal complaint, counsel for the Enquirer stated at the hearing that the Enquirer had received a copy of the document from another source. Accordingly, the trial court did not address the internal complaint in its order following the September 1 hearing. The issues of forfeiture and attorney fees were held in abeyance.
 {¶ 7} The trial court held a hearing on forfeiture and attorney fees on November 15, 2004. After the hearing, the trial court concluded that Allen had acted reasonably in responding to the Enquirer's requests for the letters and that the Enquirer was not entitled to forfeiture or attorney fees.
 {¶ 8} In its sole assignment of error, the Enquirer now asserts that the trial court abused its discretion in not awarding attorney fees and forfeiture. Because each involves a different aspect of the Ohio Public Records Act, we consider the letters separately.
 The Moses Letter {¶ 9} Under R.C. 149.43(B)(1), "all public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." A person allegedly aggrieved by a public office's failure to make a public record available "may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) * * * and that awards reasonable attorney's fees to the person that instituted the mandamus action."[1]
 {¶ 10} Allen does not challenge the trial court's conclusion that the Moses letter was a public record under R.C. 149.43. Our review is limited to whether the trial court erred in denying attorney fees to the Enquirer.
 {¶ 11} In determining whether to award attorney fees, the trial court may consider the public benefit of making the record available and the reasonableness of the public office's refusal to comply.[2] The trial court's decision about whether to award attorney fees is subject to review under an abuse-of-discretion standard.[3] Having reviewed the record, we are unable to say that the trial court abused its discretion in refusing to award attorney fees to the Enquirer. Allen's attorney questioned whether he should have provided a copy of the letter to the Enquirer, given that it was marked confidential, and given Moses's request that the letter remain confidential. He reasonably requested the trial court to review the letter to determine whether it was a public record subject to release. Upon issuance of the trial court's order, a copy of the letter was provided to the Enquirer. Within one week of Coolidge's original request, the Enquirer had received the document it had requested.
 The Internal Complaint {¶ 12} Our analysis of the internal complaint necessarily involves consideration of R.C. 149.351. Because Stich did not copy the letter before Collins retrieved it, Allen did not have a copy of the letter to provide under R.C. 149.43. Instead, the issue became whether the letter had been "removed, destroyed, * * *, transferred, or otherwise damaged or disposed of * * *" in violation of R.C. 149.351(A).
 {¶ 13} The Enquirer argues that Stich was unreasonable in failing to follow the county's record-retention rules and the requirements of the Policy and Procedures Manual of the Prosecutor's Office regarding sexual-harrassment complaints. We note that Allen does not challenge the Enquirer's assertion that the internal complaint was a public record. Instead, he argues that the prosecutor's office acted reasonably and that there was a limited public benefit in releasing the document because the allegations in the internal complaint were repeated in the sexual-harassment complaint that Collins had filed in federal court. But because we conclude that the Enquirer was not aggrieved by the alleged transfer of the internal complaint, we need not address whether Allen and the prosecutor's office acted reasonably.
 {¶ 14} Under R.C. 149.351(B)(2), any person who is aggrieved by the violation of R.C. 149.351(A) may commence "[a] civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action."
 {¶ 15} We must first determine whether the Enquirer was aggrieved by the alleged violation of R.C. 149.351. We agree with the Twelfth Appellate District's analysis concerning whether a person is aggrieved by the destruction of a public record. In State ex rel. Sensel v. Leone,[4]
the relator commenced a mandamus action to compel the production of twelve letters that had been written to a school superintendent. The relator had obtained copies of eight of the letters from sources other than the superintendent. She was unable to review the four remaining letters because the superintendent had disposed of them. The court concluded that "a person is `aggrieved' where the improper disposition of a record infringes upon a person's legal right to scrutinize and evaluate a governmental decision." Because she had received copies of eight of the letters, albeit not from the superintendent, the relator's right to scrutinize the superintendent's decision was only infringed upon by the disposal of the remaining four letters.
 {¶ 16} Here, the Enquirer had received a copy of the internal complaint prior to the September 1 hearing. Even though the copy was provided by a source other than the prosecutor's office, the Enquirer's right to scrutinize the governmental response to the sexual-harrassment complaint was not infringed upon. Because it was not an aggrieved party, the Enquirer was not entitled to the forfeiture and attorney fees provided in R.C. 149.351(B)(2).
 {¶ 17} The trial court properly denied attorney fees and forfeiture. The sole assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Judgment affirmed.
Gorman, P.J., Sundermann, and Hendon, JJ.
[1] R.C. 149.43(C).
[2] State ex rel. Fox v. Cuyahoga Cty. Hospital (1988),39 Ohio St.3d 108, 529 N.E.2d 443, paragraph two of the syllabus.
[3] Id.
[4] State ex rel. Sensel v. Leone (Feb. 9, 1998), 12th Dist. No. CA97-05-102, reversed on other grounds (1999), 85 Ohio St.3d 152,707 N.E.2d 496.