[Cite as *Weckel v. Cole + Russell Architects*, 2019-Ohio-3069.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FREDERIC C. WECKEL, | : | APPEAL NO. C-180438 |
| | | TRIAL NO. A-0407805 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| COLE + RUSSELL ARCHITECTS, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 31, 2019

*Tobias, Torchia & Simon* and *David Torchia*, for Plaintiff-Appellee,

*Keating Muething & Klekamp PLL* and *Kasey L. Bond,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   Litigation often stirs emotions, hardens principles, and drains the rationality from perfectly rational people.  Cost-benefit analyses can be tossed out the window, and positions might be pursued regardless of the odds.  At the end of the day, after the court or jury declares a winner and a loser, however, for many the bitterest pill of all to swallow is their lawyer's bill.  But absent certain recognized exceptions, the "American rule" dictates that parties must pay their own way in litigation.  Seeing no reason to depart from that principle in this case, we affirm the judgment below denying an award of attorney's fees.

{¶2}   The underlying lawsuit here stretches back more than a decade, concerning plaintiff-appellee Frederic C. Weckel's termination from defendant-appellant Cole + Russell Architects ("C+R") in 2004.  Mr. Weckel helped C+R grow and expand, and he wore multiple hats at the firm—serving as a managing principal in the firm, a member of the board of directors, and a shareholder.  The parties tried to negotiate a severance package, but those efforts fell through, and the matter ultimately proceeded to litigation for wrongful discharge and breach of fiduciary duty.

{¶3}   After more than three years of litigation, the parties reached a settlement agreement, set forth in a 2008 "Letter Agreement," which contemplated Mr. Weckel selling his firm stock to the firm's employee stock ownership plan.  But the Letter Agreement was, as the title suggests, a letter that sketched out key principles of the deal, and that anticipated a formal "Settlement Agreement."  The entire deal was also contingent because C+R needed an independent advisor to provide a professional opinion blessing the sale of the stock.  Unfortunately for everyone involved, that contingency did not come to pass, as the independent advisor

concluded that the sale could not proceed as formulated (for various reasons not germane to this appeal). In the wake of that determination, C+R proclaimed the Letter Agreement "null and void," and the litigation that the parties hoped to put to bed by the settlement roared back to life. Mr. Weckel responded to this volley by seeking to enforce the Letter Agreement, but the trial court declined, pointing to the failure of the condition precedent. In the midst of all of this, perhaps needless to say, the parties never executed the Settlement Agreement contemplated by the Letter Agreement.

{¶4} On appeal from the trial court's denial of the motion to enforce, we held that the trial court abused its discretion in extinguishing discovery (thereby cutting off Mr. Weckel's efforts to undermine the independence of the independent advisor's conclusions), and that as a result, it had prematurely denied the motion to enforce. *Weckel v. Cole + Russell Architects*, 2013-Ohio-2718, 994 N.E.2d 885 (1st Dist.) ("*Weckel I*"). We reversed the trial court's denial of the motion to reopen discovery, vacated the portion of the trial court's order denying the motion to enforce, and remanded for discovery.

{¶5} The matter then proceeded below with discovery and an evidentiary hearing, but ultimately arrived at the same destination, as the trial court again overruled the motion to enforce the settlement. On an encore appeal here, we affirmed the trial court's judgment, and the Ohio Supreme Court declined review. *Weckel v. Cole + Russell Architects*, 1st Dist. Hamilton No. C-160591, 2017-Ohio-7491, *appeal not allowed*, 152 Ohio St.3d 1422, 2018-Ohio-923, 93 N.E.3d 1003 ("*Weckel II*").

{¶6} During the course of that convoluted procedural history, C+R racked up over $400,000 in attorney fees and expert witness fees. Evidently frustrated with

3

those costs for litigation that it had prevailed upon, it moved the trial court to have Mr. Weckel foot the bill, clinging to a provision in the Letter Agreement that referenced a to-be-included fee-shifting provision in the (never executed) Settlement Agreement. The trial court denied the motion. C+R now appeals the trial court's decision with a single assignment of error contesting that determination. We review the decision below, a question of contract law, de novo for "whether the trial court erred as a matter of law." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

{¶7} Ohio follows the "American rule" with regard to attorney fees: "a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." (Citations omitted.) *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. This rule is not without exception, but such exceptions are generally limited to the presence of a specific provision for an award of attorney fees in a statute or contract. *Id.* Otherwise, a prevailing party must "demonstrate[] bad faith on the part of the unsuccessful litigant" to circumvent the American rule. (Citation omitted.) *Id.*

{¶8} C+R pursues the contract path, relying on the following Letter Agreement provision in its effort to fit into one of these exceptions:

5.     The Settlement Agreement and a Mutual Release will also contain a provision stating that in any lawsuit between the parties relating to the Settlement Agreement, the prevailing party (1) will be entitled to an award of his/its attorneys fees and costs in prosecuting/defending the suit, and (2) in the event the court finds that an award of additional damages, including punitive damages, is

allowed by the law, the court may award such additional damages to the prevailing party.

{¶9}   C+R's reliance on this language, however, suffers from several flaws. First, C+R's success in the prior appeals was largely predicated on its argument that the Letter Agreement, upon the failure of the independent-advisor condition precedent, became null and void. Indeed, that is exactly what the trial court held, a result that we affirmed on appeal. *Weckel II*, 1st Dist. Hamilton No. C-160591, 2017-Ohio-7491, at ¶ 21. We explained that if "a condition precedent is not fulfilled, the parties are excused from performing under the contract[,]" and that here, the Letter Agreement failed to include any "contingency plan" for that eventuality. (Citation omitted.) *Id.* at ¶ 26, 33.

{¶10}   Having succeeded in the quest to invalidate the Letter Agreement, C+R cannot now attempt to breathe new life into the contract that it scuttled. Nor can it selectively pick and choose which provisions should retain vitality—that would run afoul of our prior decision and basic contract law.

{¶11}   Second, the quoted language provides that the attorney fees may be awarded for litigation "relating to the Settlement Agreement"—a document that the parties agree does not exist. Cognizant of that problem, C+R essentially conflates the Letter Agreement with the Settlement Agreement, blurring the lines between the documents. But, try as they might, they cannot get around the fact that the Settlement Agreement never existed, and we fail to see how litigation can relate to an imaginary agreement. In other words, even if the Letter Agreement were fully enforceable, the provision quoted above, by its terms, does not allow for an award of fees in this situation.

{¶12} Underscoring the point, the paragraph immediately preceding the one relied upon by C+R offers context to the Settlement Agreement referenced in the quoted language: "4.    The parties *will execute* a Settlement Agreement and Mutual Release * * *."  (Emphasis added.)  Nothing in either provision suggests that the Letter Agreement itself provided for prevailing party attorney fees; they provide only that a future "Settlement Agreement" will include such a provision.  With the failure of the independent-advisor-approval condition precedent, the parties never consummated the anticipated Settlement Agreement.

{¶13} The relevant provisions of the Letter Agreement here admit of no ambiguity on this point, and we decline any invitation to rewrite them.  *See Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992) ("When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.").

{¶14} C+R has not pointed to a specific, enforceable contract term that provides for fee shifting in the present circumstances.  As a last resort, it reaches to out-of-state authority, *California-Am. Water Co. v. Marian Coast Water Dist.*, 18 Cal.App.5th 571, 227 Cal.Rptr.3d 110 (Cal.App.2017), to support its position, positing that fees can be awarded notwithstanding a determination of the invalidity of the underlying contract.  But that case offers little insights for our interpretation of Ohio contract law.  California provides for mutual attorney fees by a statute in certain situations, which the *California-Am. Water Co.* opinion construed; no such Ohio statute applies to the dispute at hand.  Accordingly, we find that decision inapposite to the case before us.

{¶15} For the foregoing reasons, we overrule C+R's single assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P. J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.

