[Cite as *Kitchens v. Ruff*, 2022-Ohio-1378.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KIMBERLY L. KITCHENS,[1] | : | APPEAL NO. C-210220 |
| | | TRIAL NO. 19CV-4633 |
| Plaintiff-Appellant, | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| CEDRIC RUFF, d.b.a. DIAMOND-N-THE-RUFF, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Case Remanded

Date of Judgment Entry on Appeal: April 27, 2022

*William D. Bell,* for Plaintiff-Appellant,

*Gregory A. Cohen,* for Defendant-Appellee.

---

[1] While appellant identified herself as "Kimberly Kitchens Association, Inc.," in the notice of appeal, she referred to herself as "Kimberly L. Kitchens" and "Kimberly Kitchens" in all other filings. Consistent with the proceedings below, we refer to her as Kimberly L. Kitchens.

**Воск, Judge.**

{¶1}    Plaintiff-appellant Kimberly L. Kitchens ("Kitchens") appeals the trial court's award of attorney fees to defendant-appellee Cedric Ruff, d.b.a. Diamond-N-The-Ruff ("Ruff"). For the following reasons, we reverse the trial court's award of attorney fees.

## I. Facts and Procedure

{¶2}    Kitchens hired Ruff to finish a home renovation. But the renovation went awry. In 2017, Ruff sued Kitchens for a breach of contract and unjust enrichment. Kitchens answered and counterclaimed with breach-of-contract, fraud, and property-damage claims. Before trial, Kitchens voluntarily dismissed her counterclaim without prejudice pursuant to Civ.R. 41(A) and (C). Following a bench trial on Ruff's claims, the trial court entered judgment for Kitchens.

{¶3}    In 2018, Kitchens sued Ruff, reasserting her breach-of-contract, fraud, and property-damage claims. Ruff moved to dismiss the complaint. Kitchens failed to respond. The trial court granted Ruff's motion to dismiss as Civ.R. 13(A) "required [Kitchens] to litigate her claim at the same time as Mr. Ruff's original claim."

{¶4}    In August 2019, Kitchens moved for relief from judgment under Civ.R. 60(B). Kitchens argued that her counsel "was recently forced to quickly relocate his office" and was unable to respond to Ruff's motion to dismiss because his mail was "not timely being received by counsel either at the old or new address." Kitchens maintained that she was able to refile her counterclaims because they had been dismissed without prejudice.

{¶5}    In September 2019, as her Civ.R. 60(B) motion was pending in the trial court, Kitchens appealed the trial court's entry granting Ruff's motion to dismiss. This court remanded the matter to the trial court to "consider and determine" her Civ.R.

2

60(B) motion. Months later, we extended the time for that limited remand to allow the trial court to rule on Kitchens's Civ.R. 60(B) motion. In August 2020, Kitchens moved to dismiss her appeal because:

> Counsel for Appellant has informed the Appellant that the detailed analysis of the applicable Ohio Rules of Civil Procedure and the related case law would likely result in affirmation of the trial court decision. It is not economically feasible to incur additional cost is matter [sic] to continue the appellate proceedings.

{¶6}   In September 2020, we granted Kitchens's motion to voluntarily dismiss her appeal. Later that month, the trial court denied her Civ.R. 60(B) motion.

**Attorney Fees**

{¶7}   In December 2020, Ruff moved for $2,975 in attorney fees because Kitchens's voluntarily dismissing her appeal demonstrated that the "matter should never have been brought." Ruff maintained that he expended "time and precious resources" defending the claim. Kitchens opposed the motion.

{¶8}   At the hearing for attorney fees, Ruff's counsel entered an invoice for legal services into evidence and presented testimony that the fees were reasonable. Kitchens testified that she believed she "could come back within a year and resubmit the [dismissed counterclaims] because I did it voluntarily, without prejudice."

{¶9}   The trial court granted Ruff's motion for attorney fees. The court explained to the parties that it "d[id]n't think there's bad faith here," but believed "this is a claim that had been litigated and had been later dismissed at plaintiff's request." The court ordered Kitchens to pay $2,975 in attorney fees.

{¶10}   Kitchens has appealed.

3

## II. Law and Analysis

{¶11} Kitchens challenges the trial court's award of attorney fees in a single assignment of error. Generally, we review an award of attorney fees for an abuse of discretion. *Hensel v. Childress,* 2019-Ohio-3934, 145 N.E.3d 1159, ¶ 15 (1st Dist.), citing *State ex rel. Cincinnati Enquirer v. Allen,* 1st Dist. Hamilton No. C-040838, 2005-Ohio-4856, ¶ 11. A court abuses its discretion when it "exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 35. But when an appeal presents this court with a question of law, we review an award of attorney fees de novo. *Id.* at ¶ 38, citing *Hudson v. Petrosurance, Inc.,* 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 30.

{¶12} Kitchens asserts that the trial court's attorney fees award ran afoul of the "American Rule." It is well settled that each party in litigation is responsible for its litigation expenses. *United States Fire Ins. v. Am. Bonding Co.,* 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, ¶ 47. Known as the "American Rule," " 'a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation.' " *Weckel v. Cole + Russell Architects,* 1st Dist. Hamilton No. C-180438, 2019-Ohio-3069, ¶ 7, quoting *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. Of course, there are exceptions to this rule. A trial court may award attorney fees to a prevailing party under a "specific provision for an award of attorney fees in a statute or contract," or if the prevailing party " 'demonstrates bad faith on the part of the unsuccessful litigant.' " *Weckel* at ¶ 7, quoting *Wilborn* at ¶ 7. Neither party argues that a contractual or statutory provision exception applies here. Rather, the central issue is the "bad faith" exception.

{¶13} This court has previously explained that in the "absence of a finding of bad faith, a trial court errs in awarding attorney fees not supported by other statutory authority." *City of Cincinnati v. City of Harrison,* 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, ¶ 43, citing *Wright v. Fleming*, 1st Dist. Hamilton No. C-070121, 2008-Ohio-1435, ¶ 5-6. Indeed, we have reversed an attorney fee award when the record lacks a finding by the trial court that the offending party acted in bad faith. *See Wright* at ¶ 5 ("Here, the trial court made no finding that Fleming had acted in bad faith, and the contract made no provision for fee shifting. Neither party has identified any basis in the record to support the trial court's award of attorney fees or its computation of the amount of fees."). But unlike these decisions, the trial court in this case made an express finding that Kitchens was not acting in bad faith.

{¶14} Ruff argues that the conduct in this case falls into an exception to the American Rule. Specifically, Ruff, citing *Sorin v. Bd. of Edn.*, 46 Ohio St.2d 177, 347 N.E.2d 527 (1976), argues that because the American Rule is designed to promote judicial economy, and because Kitchens voluntarily dismissed her counterclaim and refiled those same claims in violation of Civ.R. 13(A), the American Rule does not apply because she litigated "in bad faith, vexatiously, wantonly, obdurately, groundlessly, maliciously, or for oppressing reasons."

{¶15} Neither the Ohio Supreme Court nor this court has held that a trial court has the inherent authority to award attorney fees to a prevailing party based on groundless claims. A trial court can award attorney fees when a losing party litigated " 'in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons.' " *Westfield Companies v. O.K.L. Can Line,* 155 Ohio App.3d 747, 2003-Ohio-7151, 804 N.E.2d 45, ¶ 28 (1st Dist.), quoting *Sorin* at 179-181. But the trial court found that Kitchens did not act in bad faith and it made no finding of vexatious, wanton, obdurate, or

5

oppressive conduct. Without these findings, the trial court had no basis for departing from the American Rule. *See Wright*, 1st Dist. Hamilton No. C-070121, 2008-Ohio-1435, at ¶ 5.

{¶16} A court can award attorney fees to a party adversely affected by legally groundless conduct under R.C. 2323.51. *See* R.C. 2323.51(A)(2) (defining frivolous conduct as "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."). But Ruff could not seek attorney fees under R.C. 2923.51 because his motion, filed more than 80 days after the trial court's judgment, was untimely. R.C. 2323.51(B)(1) ("at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees.").

{¶17} The question then becomes whether a trial court may award attorney fees following an express finding of no bad faith. It cannot. We hold that the trial court's finding of no bad faith precludes the award of attorney fees under the bad-faith exception to the American Rule. As a result, the American Rule continues to govern the costs of litigation in this case.

### III. Conclusion

{¶18} We sustain Kitchens's sole assignment of error. The trial court erred when it awarded attorney fees after finding no bad faith. Therefore, we reverse the trial court's judgment and remand the case with instructions to enter judgment denying Ruff's motion for attorney fees.

Judgment reversed and case remanded.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

