[Cite as *Shields v. Ohio Bur. of Workers' Comp.*, 2024-Ohio-2901.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MICHAEL R. SHIELDS,                     :

    Plaintiff-Appellant,              :

                          No. 113001

        v.                              :

OHIO BUREAU OF WORKERS'                 :
COMPENSATION, ET AL.,

                             :

    Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903035

---

## *Appearances:*

Grubb & Associates, LPA, Natalie F. Grubb, and Mark E. Owens, *for appellant*.

Janet E. Burney, General Counsel – Deputy General Manager for Legal Affairs; Anna Hlavacs, Senior Counsel, Contracts, Real Estate & Administrative Law; and Brian R. Gutkoski, Associate Counsel II; Roetzell & Andress, LPA, and Emily K. Anglewicz, *for appellee* Greater Cleveland Regional Transit Authority.

MICHELLE J. SHEEHAN, P.J.:

**{¶ 1}** Plaintiff-appellant Mark Shields appeals the trial court's denial of his post-dismissal motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred ("Motion for Sanctions") against Greater Cleveland Regional Transit Authority ("GCRTA"). Because we find that the trial court did not abuse its discretion by denying the motion for sanctions without holding a hearing, we affirm the judgment.

## PROCEDURAL HISTORY AND RELEVANT FACTS

**{¶ 2}** On August 30, 2018, Shields filed a workers' compensation appeal of an administrative denial of additional allowance to a prior claim. In 2020, the case was stayed and, upon Shields's motion, returned to the active docket in 2022. A final pretrial was held on April 13, 2023, with a trial date set for May 16, 2023. Pertinent to the issues raised in this appeal, on April 28, 2023, GCRTA conducted depositions of Shields's treating physician, Dr. Jonathan Kase, and his medical expert, Dr. Kimberly Togliatti-Trickett, remotely via Zoom. Prior to the scheduled deposition, Shields's counsel sent a copy of an exhibit she intended to use during Dr. Togliatti-Trickett's deposition. A GCRTA attorney responded that she would conclude the deposition after her questions had been completed.

**{¶ 3}** Following the deposition on May 1, 2023, Shields filed a motion in limine seeking to exclude the deposition testimony from both doctors at trial. Attached to the motion was an affidavit from Monique George, Shields's attorney's

office manager. She averred she witnessed and recorded the Zoom depositions and made a transcript of the recordings.

{¶ 4} On May 2, 2023, GCRTA filed a motion to permit its expert to testify via Zoom at trial. Within this motion, GCRTA referenced discussions had with the trial court at the final pretrial regarding the depositions at issue in this appeal. GCRTA also attached transcripts from two prior depositions attended by Shields's attorney to illustrate her conduct.

{¶ 5} On May 2, 2023, before the trial court ruled on his motion in limine, Shields filed a notice of voluntary dismissal of the complaint pursuant to Civ.R. 41(A). The trial court dismissed the case without prejudice on May 3, 2023.

{¶ 6} On May 30, 2023, following the dismissal of the complaint, Shields filed his Motion for Sanctions against GCRTA. Within the motion, Shields's attorney alleged GCRTA's attorneys muted his attorney during the depositions so as to prohibit objections and that his attorney was cut off at the end of Dr. Togliatti-Trickett's deposition. Shields also alleged that by filing Dr. Togliatti-Trickett's deposition and an expert report with the court, GCRTA attorneys engaged in further sanctionable conduct. Shields did not file transcripts of the depositions to support his motion; instead, his attorney attached Ms. George's affidavit from the May 2, 2023 motion in limine. The Motion for Sanctions sought attorney fees for preparation and attendance at the deposition, preparation for filing the Motion for Sanctions and for preparing a motion to dismiss. GCRTA filed an opposition to the

Motion for Sanctions, supporting its opposition with its May 2, 2023 motion and the exhibits attached thereto.

**{¶ 7}** The trial court denied the Motion for Sanctions without hearing on July 12, 2023.

LAW AND ARGUMENT

**{¶ 8}** Shields's sole assignment of error reads:

The trial court abused its discretion in arbitrarily denying without a hearing Appellant's motion for frivolous conduct sanctions pursuant to R.C. 2323.51.

**{¶ 9}** R.C. 2323.51 provides a means for litigants to seek sanctions against an opposing litigant for frivolous conduct. R.C. 2323.51(B)(1) provides the time for the filing of a motion as follows:

Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, *at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.*

(Emphasis added.)

**{¶ 10}** GCRTA argues that because Shields dismissed his complaint voluntarily pursuant to Civ.R. 41(A) and because he can refile the action, the trial court did not have jurisdiction to hear this appeal. However, this court has held, without distinction as to which party moved for sanctions, "that a Civ.R. 41 voluntary dismissal does not divest the trial court of jurisdiction to consider a subsequently

filed motion for sanctions pursuant to Civ.R. 11 and/or R.C. 2323.51." *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654, ¶ 21 (8th Dist.). In this case, Shields timely filed his motion within the time set forth in R.C. 2923.51(B)(1) and the trial court had jurisdiction to determine the Motion for Sanctions.

{¶ 11} Shields argues the trial court abused its discretion by denying the Motion for Sanctions without holding a hearing. A trial court is not required to hold a hearing on a motion pursuant to R.C. 2323.51 when "it determines, upon consideration of the motion and in its discretion, that it lacks merit." *First Place Bank v. Stamper*, 2002-Ohio-3109, ¶ 12 (8th Dist.) We review the trial court's decision on whether to hold a hearing for an abuse of discretion. *Id.* "For an abuse of discretion to exist, the fact-finder's result must be 'so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'" *Id.* at ¶ 13, quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996).

{¶ 12} R.C. 2323.51(B)(1) allows a court to impose sanctions to a party who was adversely affected by frivolous conduct as defined by R.C. 2323.51(A)(2). Shields alleged in his Motion for Sanctions that by muting his attorney during the depositions and limiting her time, his attorney was prevented from objecting to questions and protecting his interests. As a result, and despite the filing of the motion in limine, Shields's attorney stated she was forced to dismiss the action prior to trial. Additionally, Shields accused GCRTA of sanctionable conduct because it

filed Dr. Togliatti-Trickett's deposition and GCRTA's expert report with the court but took no action to have the material placed under seal.

{¶ 13} Within the Motion for Sanctions, there is reference to communications had with the trial court regarding the conduct at the depositions. In opposition to the Motion for Sanctions, GCRTA argued that the allegations in the affidavit were from a biased source, that Shields did not file the deposition transcript, and that GCRTA followed the instructions of the trial court regarding the taking of depositions. Further, GCRTA argued that Shields had not shown any adverse effects.

{¶ 14} In their briefing to both the trial court and this court, Shields and GCRTA reference communications regarding the depositions with the trial court at pretrials, during the deposition, and then at a conference on May 1, 2023. The trial court docket does not reflect a pretrial conference hearing on May 1, 2023, and neither party supplemented the appellate record pursuant to App.R. 9(C) or (D) to make any communications or hearings on that date a part of the record on appeal. Because there is no record of the discussion with the trial court or instructions regarding the taking of the depositions beyond the allegations within the motions from each party, we are left to presume regularity in the proceedings below. *In re Estate of Dixon*, 2001 Ohio App. LEXIS 3219, *7 (8th Dist. July 19, 2001) ("Without a transcript or statement of the evidence, this court must presume regularity.") And in so doing, we are cognizant that a trial court is not required to hold a hearing pursuant to R.C. 2323.51 if "the court has sufficient knowledge of the circumstances

for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant." *Wilson v. Wilson*, 2023-Ohio-1752, ¶ 39 (8th Dist.)

{¶ 15} From the briefing and arguments made by the parties, it is apparent the trial court had knowledge of the circumstances surrounding the depositions and the conduct of the attorneys. But that knowledge is beyond our review because neither party made any of those communications part of the record on appeal and given this lack of a complete record of the proceedings, we must presume regularity.

{¶ 16} Accordingly, we cannot say Shields has shown on this record that the trial court, with knowledge of the circumstances regarding the depositions, abused its discretion by denying the Motion for Sanctions without hearing or that the trial court's denial was "so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff*, 75 Ohio St.3d at 256.

{¶ 17} The sole assignment of error is overruled.

CONCLUSION

{¶ 18} Shields appeals the trial court's denial of his Motion for Sanctions regarding conduct of GCRTA attorneys during and after depositions. However, neither Shields nor GCRTA supplemented the record with a transcript of any hearings or a statement of the evidence indicating the communications or instructions by the trial court regarding the depositions. As such, we presume regularity in the proceedings and find that on the record presented Shields has not

shown the trial court abused its discretion by denying the Motion for Sanctions without holding a hearing.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR