[Cite as *Rojas v. Rucker*, 2025-Ohio-2777.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| SARAH ROJAS, ET AL., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 114630 |
| v. | : | |
| REGINALD RUCKER, ET AL., | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 7, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-983347

### *Appearances:*

Randy Vermilya, *for appellees.*

L. Bryan Carr, *for appellants.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendants-appellants Reginald Rucker and Jasmaine Rucker (collectively, the "Ruckers") appeal the trial court's denial of their motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} In August 2023, plaintiffs-appellees Sarah Rojas ("Rojas") and Matthew Stewart ("Stewart") filed a four-count complaint against the Ruckers, asserting the following causes of action: (1) breach of contract, (2) negligence, (3) fraud in the inducement, and (4) failure to disclose latent defects known to the defendants in violation of R.C. 5302.30. Therein, Rojas and Stewart claimed that they entered a contract with the Ruckers in October 2022 for the sale and purchase of a home (the "Property"). Rojas and Stewart alleged that the Ruckers made material misrepresentations about the condition of the Property during negotiations leading up to the sale and in a residential disclosure form. Rojas and Stewart further alleged that they found numerous material defects after their purchase and occupancy of the Property, which were known to the Ruckers and should have been disclosed. Rojas and Stewart claimed that they attempted to resolve the matter by sending a letter to the Ruckers, but the Ruckers failed to respond. Rojas and Stewart attached this letter to the complaint along with the residential purchase agreement; amendments, addendums, and modifications to that agreement; and a residential property disclosure form associated with the purchase of the Property. Some of these documents were executed by Rojas and the Ruckers while others were executed by Rojas and Reginald Rucker only. Stewart's name did not appear on any of the documents.

{¶ 3} At a default hearing in February 2024, the Ruckers advised that they consulted with an attorney and planned to retain counsel to represent them in

further proceedings. The Ruckers were granted leave to answer or otherwise respond to the complaint.

{¶ 4} In March 2024, the Ruckers, by and through counsel, filed a motion to dismiss the complaint. The Ruckers argued that Rojas and Stewart failed to state any claims upon which relief could be granted against Jasmaine Rucker since she was not a party to the contract. Referring to the exhibits attached to the complaint, the Ruckers claimed that the residential purchase agreement was executed by Rojas and Reginald Rucker only. The Ruckers further argued that Stewart was not a proper party-plaintiff because he did not sign any of the documents, was not party to the transaction, and was not an intended third-party beneficiary. Rojas and Stewart opposed the motion, countering that the addendums to the initial purchase agreement were executed by Jasmaine Rucker.

{¶ 5} Ultimately, the trial court granted the Ruckers' motion to dismiss in part and denied it in part. The trial court granted the motion as it related to Stewart, dismissed his complaint, and noted his failure to provide proof of standing. The trial court denied the motion as it related to Jasmaine Rucker and Rojas' complaint against the Ruckers remained pending. The Ruckers subsequently filed an answer to the complaint, denying the allegations asserted therein and raising numerous affirmative defenses.

{¶ 6} The Ruckers also filed a motion for judgment on the pleadings, arguing that the claims against them could not be sustained by the complaint's unsupported allegations and must be dismissed. Rojas opposed the motion,

countering that she should be able to pursue her claims and commence discovery, which was "required to more fully understand the scope of [the Ruckers'] actions." The Ruckers filed a reply in support of their motion, arguing that Rojas' lawsuit was "spurious" and "her 'response' illustrate[d] as much."

{¶ 7} Shortly thereafter, Rojas filed a notice of dismissal of her complaint without prejudice pursuant to Civ.R. 41(A). The trial court determined that the Ruckers' motion for judgment on the pleadings was moot and dismissed the case without prejudice on October 11, 2024.

{¶ 8} On November 6, 2024, the Ruckers filed a motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. In their motion, the Ruckers claimed that the complaint was frivolous, devoid of any specific allegations or claims, and without merit. The Ruckers further asserted that the fraud claim was not pled with particularity and the claim for violating R.C. 5302.30 was invalid. The Ruckers argued that the complaint's exhibits illustrated the frivolous nature of the lawsuit and Stewart and Rojas had no evidence of any actionable conduct, especially since they never engaged in discovery. The Ruckers claimed that the complaint was filed improperly, in bad faith, and "solely in an attempt to intimidate [them] and extract money." The Ruckers asserted that the court must sanction Stewart, Rojas, and their attorney since they knew their claims were frivolous. The Ruckers further asserted that they must be reimbursed for attorney fees incurred from their defense of the complaint.

{¶ 9} Stewart and Rojas opposed the motion, arguing that R.C. 2323.51 was inapplicable since the complaint was dismissed pursuant to Civ.R. 41(A) and there "was no final judgment," "adjudication of any fact or application of law," and "determination or finding of any sanctionable conduct whatsoever." Stewart and Rojas further argued that Civ.R. 11 did not apply because their conduct did not merit sanctions: they filed "a discovery intense case" that was "ripe for litigation in the event [they] timely refile[d] their complaint."

{¶ 10} The Ruckers filed a reply in support of their motion, asserting that Rojas and Stewart made "bizarre," "obviously incorrect," and "unintelligible" arguments. The Ruckers reiterated that Rojas and Stewart never commenced discovery throughout the pendency of the case and continually failed to provide any information regarding the alleged defects or fraudulent conduct.

{¶ 11} The trial court denied the Ruckers' motion for attorney fees and sanctions. The Ruckers appealed, raising a single assignment of error for review.

**Assignment of Error**

The trial court erred in denying the [Ruckers'] R.C. 2323.51 and Civ[.R.] 11 motion for attorney fees and sanctions.

## II. Law and Analysis

{¶ 12} In their sole assignment of error, the Ruckers argue that the trial court erred in denying their motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11.

{¶ 13} "A decision to grant or deny sanctions under R.C. 2323.51[1] and Civ.R. 11 rests within the sound discretion of the trial court." *MRN Ltd. Partnership. v. Gamage*, 2023-Ohio-4541, ¶ 20 (8th Dist.), citing *Walters v. Carter*, 2020-Ohio-807, ¶ 17 (8th Dist.), and *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 30 (8th Dist.). A reviewing court will not reverse a trial court's decision to grant or deny sanctions absent an abuse of discretion. *Walters* at *id.*, citing *Grimes v. Oviatt*, 2019-Ohio-1365, ¶ 20 (8th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} "It is well settled that each party in litigation is responsible for its litigation expenses." *Kitchens v. Ruff*, 2022-Ohio-1378, ¶ 12 (1st Dist.), citing *United States Fire Ins. v. Am. Bonding Co.*, 2016-Ohio-7968, ¶ 47 (1st Dist.). Attorney fees are generally not recoverable unless recovery is authorized by statute or contract. *Goomai v. H&E Ent., L.L.C.*, 2024-Ohio-5711, ¶ 9. Under Ohio law, R.C. 2323.51 and Civ.R. 11 provide two separate mechanisms for an aggrieved party to recover attorney fees for frivolous conduct, both with separate standards of proof and different applications. *O'Toole v. Hamman*, 2020-Ohio-4753, ¶ 13 (8th Dist.), citing *Sigmon v. S.W. Gen. Health Ctr.*, 2007-Ohio-2117, ¶ 14 (8th Dist.).

---

[1] We note that imposing sanctions under R.C. 2323.51 involves mixed questions of law and fact, with purely legal questions reviewed de novo and deference given to the trial court's factual determinations. *Woodrow v. Krukowski*, 2023-Ohio-378, ¶ 15 (8th Dist.). "The ultimate decision as to whether to grant sanctions under R.C. 2323.51 rests within the sound discretion of the trial court." *Id.* (noting that the trial court has the benefit of observing the entire course of the proceedings and is most familiar with the parties and attorneys involved), citing *State ex rel. Striker v. Cline*, 2011-Ohio-5350, ¶ 11.

{¶ 15} R.C. 2323.51 establishes the parameters of frivolous conduct in the filing of civil claims. Relevant to this appeal, "conduct" encompasses "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). A party's conduct is frivolous if any of the following are satisfied:

(i)     It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii)    It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii)   The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv)    The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶ 16} Courts apply an objective standard to determine whether conduct is frivolous under R.C. 2323.51. *MRN* at ¶ 22, citing *Grimes* at ¶ 25; *O'Toole* at ¶ 18 (adding that a frivolous-conduct finding is made "without reference to what the individual knew or believed"). The intent of R.C. 2323.51 is not "to punish mere

misjudgment or tactical error"; rather, the statute is "designed to chill egregious, overzealous, unjustifiable, and frivolous action" and "deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation." *O'Toole* at ¶ 20. Thus, "'[f]rivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect.'" *MRN* at ¶ 24, quoting *State ex rel. DiFranco v. Euclid*, 2015-Ohio-4915, ¶ 15, citing *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 29-30 (4th Dist.) (noting that "'a party is not frivolous merely because a claim is not well-grounded in fact'" and a claim is frivolous only "'if it is absolutely clear under existing law that no reasonable lawyer could argue the claim'"), quoting *Hickman v. Murray*, 1996 Ohio App. LEXIS 1028, *5 (2d Dist. Mar. 22, 1996).

{¶ 17} Conversely, Civ.R. 11 governs the signing of pleadings, motions, or other documents and provides, in relevant part:

> The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . . For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

Trial courts apply a subjective bad-faith standard to determine whether a violation is "willful" under Civ.R. 11. *MRN* at ¶ 21, citing *Grimes* at ¶ 24.

{¶ 18} Here, the Ruckers claim that Rojas, Stewart, and their counsel knowingly filed a frivolous complaint and "utilized the legal process for

harassment." The Ruckers argue Rojas, Stewart, and their counsel (1) did not have any claims to assert against the Ruckers based on the complaint's exhibits; (2) did not have any "evidence of actionable conduct on the part of the [Ruckers]"; (3) failed to engage in discovery; and (4) "willfully ignored the law and [their] obligation to act in good faith." The Ruckers summarily conclude that "the filings and conduct of [Rojas and Stewart] (and their counsel) constitutes frivolous conduct as defined by R.C. 2323.51 and [Civ.R.] 11."

{¶ 19} Rojas and Stewart counter that because the complaint was voluntarily dismissed pursuant to Civ.R. 41(A) and they can refile the action, "this [c]ourt has no jurisdiction to consider an appeal of something that isn't ripe for appeal." However, we have repeatedly held "'that a Civ.R. 41 voluntarily dismissal does not divest the trial court of jurisdiction to consider a subsequently filed motion for sanctions pursuant to Civ.R. 11 and or R.C. 2323.51.'" *Shields v. Ohio Bur. of Workers' Comp.*, 2024-Ohio-2901, ¶ 10 (8th Dist.), quoting *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654, ¶ 21 (8th Dist.). We further note that litigants seeking sanctions against opponents for frivolous conduct under R.C. 2323.51 are bound by the following statutory deadline: "at any time *not more than thirty days* after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal." (Emphasis added.) R.C. 2323.51(B)(1). The Ruckers filed their motion within 30 days of the October 11, 2024 final-judgment entry dismissing

the case without prejudice, as required by R.C. 2323.51(B)(1). Accordingly, Rojas and Stewart's counterargument is without merit.

{¶ 20} Nevertheless, the burden rests with the Ruckers to establish the validity of their assignment of error; yet they provide this court with minimal guidance or support for their position. While the Ruckers reference the complaint's exhibits and assert that those documents establish that their conduct was not actionable, they do not cite any caselaw supporting their conclusions that the claims brought against them were invalid, insufficient, or frivolous. Nor do the Ruckers cite any caselaw where R.C. 2323.51 or Civ.R. 11 sanctions were imposed in the same or similar circumstances. Appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error. *Lewicki v. Grange Ins. Co.,* 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.); App.R. 16(A)(7).

{¶ 21} Our review of the record reveals that Rojas and Stewart filed their complaint in August 2023, attaching documents related to their claims. The Ruckers retained counsel and began defending the lawsuit in March 2024. The trial court granted the Ruckers' motion to dismiss as to Stewart's claims but denied the motion as to Rojas' claims, which remained pending against both Reginald and Jasmaine Rucker. The Ruckers' subsequently filed an opposed motion for judgment on the pleadings; however, the complaint was voluntarily dismissed in

October 2024, rendering the Ruckers' motion moot. While the parties engaged in this preliminary motion practice, it does not appear that they commenced or engaged in any discovery efforts.

{¶ 22} Nothing in this limited record establishes that Rojas, Stewart, or their counsel's conduct was sanctionable under R.C. 2323.51's objective egregious-conduct standard or Civ.R. 11's subjective willfulness standard. The Ruckers fail to cite any authority in support of their contention that the standards set forth in R.C. 2323.51 and Civ.R. 11 apply to Rojas, Stewart, and their counsel's conduct or are otherwise satisfied by this set of facts. Under these circumstances and in lieu of the absence of any authority supporting sanctions in this instance, we decline to find that the trial court abused its discretion in denying the Ruckers' R.C. 2323.51 and Civ.R 11 motion.

{¶ 23} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR