[Cite as *McRae v. McRae*, 2012-Ohio-2463.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CAROLYN L. MCRAE, | : | APPEAL NO. C-110743 |
| | | TRIAL NO. DR0602140 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| JIMMY L. MCRAE, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal:  June 6, 2012

*Cors & Bassett, LLC,* and *Michael L. Gay*, for Plaintiff-Appellant,

*Jonathan Smith* and *Daniel J. Wilberding*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge**.

{¶1} Defendant-appellant Jimmy L. McRae appeals from the trial court's imposition of civil-contempt sanctions. But because McRae voluntarily purged his contempt by paying funds due to his ex-wife, plaintiff-appellee Carolyn L. McRae, and was no longer subject to incarceration, the appeal is moot.

{¶2} The parties' marriage had been terminated by a decree of divorce on March 24, 2009. Two years later, Carolyn filed a motion for contempt of court alleging that McRae had failed to exercise certain Proctor & Gamble stock options at her request as provided for in the decree. Following two separate hearings, the magistrate issued a decision finding McRae in contempt for failure "without good cause to comply with the order of this court regarding the extension of his full cooperation to [Carolyn] in exercising the stock options granted her in the Decree of Divorce." The trial court overruled McRae's objections and found him in contempt of court. The court scheduled a sentencing hearing, but informed McRae that he could purge himself of contempt and avoid the imposition of a jail sentence by paying $9,750.48 to his ex-wife.

{¶3} At the sentencing hearing, held two weeks later, McRae appeared pro se. The trial court found that, in the intervening two weeks, McRae had paid $6,642.09 to his ex-wife but that $3,108.39 remained unpaid. Therefore, the court imposed three consecutive weekends of imprisonment to commence ten days after the hearing. The court again informed McRae that he could purge his contempt by paying the remaining amount due.

{¶4} McRae did not seek a stay of the court's contempt order and sentence either in the trial court or in this court. Instead he appealed. In three interrelated assignments of error, McRae now asserts that the trial court abused its discretion in holding him in contempt, and that the trial court's 2009 decree was ambiguous, subject to

interpretation, and thus raises the possibility of future controversies. But we do not reach McRae's assignments of error.

{¶5}     R.C. 2705.02(A) provides that a person guilty of the disobedience of, or resistance to, an order or judgment of a court may be punished for contempt. A court's contempt power is employed to ensure the effective administration of justice, to secure the dignity of the court, and to affirm the supremacy of the law. *Cramer v. Petrie*, 70 Ohio St.3d 131, 133, 637 N.E.2d 882 (1994).

{¶6}     As in this case, a civil-contempt sanction is imposed to coerce a party in violation of the court's orders—the contemnor—to comply and to remedy the harm caused to other parties by its disobedience. *Brown v. Executive 2000, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980); *see also Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984); *compare Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988) (criminal contempt involves a punitive sanction designed to vindicate the authority of the court as opposed to coerce compliance). A civil-contempt sanction must allow the contemnor the opportunity to purge himself of the contempt prior to imposition of any punishment. Thus "[a]ny prison term imposed for civil contempt is conditional to obtain compliance with an order of the court." *State v. Felson*, 1st Dist. No. C-000470, 2001 Ohio App. LEXIS 1378, *5 (Mar. 23, 2001). "The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered." *Brown* at 253, citing *In re Nevitt*, 117 F. 448, 461 (8th Cir.1902).

{¶7}     When, however, the contemnor uses the keys by complying with the trial court's instructions for purging contempt, an appeal from the contempt charge is rendered moot. *See State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987); *see also Bank One Trust Co., N.A. v. Scherer*, 10th Dist. No. 06AP-70, 2006-Ohio-5097 (appeal is moot when contemnors, who could have moved for a stay of the trial court's contempt order did not, and instead paid their fines).

{¶8}    Here, the record reflects that on December 2, 2011, the trial court journalized an entry that, after having served one weekend in jail, McRae had paid the remaining sums due to his ex-wife.  The trial court found that McRae had purged his contempt by complying with the court's order, and vacated the remaining jail sanctions.

{¶9}    Because an appellate court's duty is to decide actual controversies, it may not decide the appeal of a contempt order once the contemnor has purged the contempt.  *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 34; *see also Schwab v. Lattimore,* 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 11 (1st Dist.).  Since McRae has paid the sums ordered to be paid in the contempt order, he has purged his contempt and is no longer subject to incarceration.  The matter is now moot. *E.g., Wesley v. Wesley*, 10th Dist. No. 07AP-206, 2007-Ohio 7006, ¶ 13.

{¶10}    Therefore, the appeal is dismissed sua sponte.

Appeal dismissed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.