[Cite as *Lubanovich v. McGlocklin*, 2015-Ohio-4618.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

EDWARD LUBANOVICH, et al.

    Appellees

    v.

STACY MCGLOCKLIN, et al.

    Appellant

C.A. No.     14CA0081-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    11-CVH-00755

DECISION AND JOURNAL ENTRY

Dated: November 9, 2015

CARR, Presiding Judge.

{¶1}    Appellant, Stacy McGlocklin, appeals an award of damages against him by the Wadsworth Municipal Court. This Court affirms.

I.

{¶2}    Nancy and Edward Lubanovich hired Mr. McGlocklin to convert the crawl space in their home into a full basement. When the north wall of the basement collapsed, the Lubanoviches sued Mr. McGlocklin for negligence in connection with the construction project, and the trial court awarded them $6,239 in damages. Mr. McGlocklin appealed. This Court affirmed the judgment against him with respect to liability, but reversed the damage award, concluding that the trial court erred in its calculation of damages because the award of $6,239 was not established with reasonable certainty. *Lubanovich v. McGlocklin*, 9th Dist. Medina No. 12CA0090-M, 2014-Ohio-2459, ¶ 16 ("*McGlocklin I*"). We remanded the matter to the trial court to recalculate damages based on the existing record.

{¶3} On remand, the trial court concluded that Mr. McGlocklin's testimony that he would have rebuilt the wall for $2,500 was a reasonable estimate of the labor costs involved. The trial court also concluded that exhibits from trial demonstrated that the Lubanoviches spent $767.97 for materials in connection with the repair that they undertook. The trial court awarded the Lubanoviches the sum of the two figures, $3,267.97, with interest at the rate of 3% from the date of the original judgment, September 17, 2012. Mr. McGlocklin appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY RULING THAT THE LUBANOVICH'S [*SIC*] WERE ENTITLED TO THREE THOUSAND TWO HUNDRED SIXTY SEVEN DOLLARS AND NINETY SEVEN CENTS ($3,267.97) IN DAMAGES AS A RESULT OF STACY MCGLOCKLIN'S NEGLIGENCE.

{¶4} McGlocklin's first assignment of error is that the trial court erred in awarding damages that were not established with reasonable certainty. He makes essentially two arguments in this regard: (1) that the trial court's damage award is against the manifest weight of the evidence and (2) in that context, that the award relies on exhibits that are not affirmatively demonstrated by the record to have been admitted at trial. We disagree in both respects.

{¶5} When an appellant challenges the weight of the evidence in a civil case, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶6} A plaintiff who alleges temporary damage to real property may recover "(1) reasonable restoration costs, (2) compensation for the loss of the use of the property between the

time of the injury and the restoration, and (3) damages for personal annoyance and discomfort if the plaintiff is an occupant of the property." (Internal citations omitted.) *Horrisberger v. Mohlmaster*, 102 Ohio App.3d 494, 499 (9th Dist.1995). In every case, however, a plaintiff must prove damages with "reasonable certainty" rather than speculation or conjecture. *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 22, quoting *Henderson v. Spring Run Allotment*, 99 Ohio App.3d 633, 642 (9th Dist.1994). "[T]he essential inquiry is whether the damages sought are reasonable," and evidence going to the reasonableness or unreasonableness of damages may be presented by either party. *B & B Contrs. & Developers, Inc. v. Olsavsky Jaminet Architects, Inc.*, 7th Dist. Mahoning No. 12 MA 5, 2012-Ohio-5981, ¶ 73. Mr. McGlocklin has argued that the damage award in this case is against the manifest weight of the evidence because it allows the Lubanoviches to recover twice for the cost of materials, includes costs attributable to repairs that were made to other parts of the basement, and is supported by evidence that is unreliable because it is only substantiated by the Lubanoviches' own testimony.

{¶7} Central to Mr. McGlocklin's argument is his own testimony at trial that, if the wall collapsed because of Mr. Lubanovich's fault, he would have charged the Lubanoviches $2,500 to rebuild it. According to his argument on appeal, what he meant by this statement is that the total cost of rebuilding the wall was $2,500, and that number reflected both labor and materials costs. During Mr. McGlocklin's direct examination by Mrs. Lubanovich, no follow-up questions were posed, nor did his own attorney inquire at that time. When Mr. McGlocklin's attorney examined him later during the trial, the figure was not addressed. As it stood, therefore, Mr. McGlocklin's testimony was simply that "if it was [Mr. Lubanovich's] fault, I was going to charge $2,500 to rebuild it." The trial record is silent with respect to Mr. McGlocklin's position

that this number is all encompassing, so this Court cannot say that the evidence was such that the trial court lost its way by allowing the Lubanoviches to recover $2,500 plus the cost of materials.

{¶8}    Mr. McGlocklin has also argued that the total damage award is against the manifest weight of the evidence because the $767.97 in excess of $2,500 includes costs attributable to unrelated repairs and because the Lubanoviches' testimony was suspect.  In this regard, the trial court explained its calculation as follows:

> The evidence presented at trial was that defendant himself testified that he would rebuild the wall for $2,500.  The Court finds that would be a reasonable cost of the labor to rebuild the wall in question.  Second, the exhibits presented at trial, being defense Exhibits A, B, C & D, show the Plaintiffs expended $767.97 for materials to restore their basement.  Therefore, this Court awards Plaintiffs the sum of $3,267.97[.]

The total expended by the Lubanoviches as detailed on the four exhibits mentioned by the trial court was $789.72.  This represents the total of each receipt, excluding a refund in the amount of $21.75, which the trial court erroneously appears to have subtracted twice.  The Lubanoviches have not challenged the trial court's calculation in this regard.  Nonetheless, the trial court's inclusion of the amounts represented by these receipts is not against the manifest weight of the evidence.  On cross-examination, Mrs. Lubanovich authenticated the defense exhibits that consisted of the receipts and testified that they represented the costs of anchor bolts, cement, tarps, and some two-by-ten boards needed to add support to the weakened basement walls.  Although Mr. McGlocklin is correct that this brief testimony does seem to refer, in part, to a wall other than the one that collapsed, counsel did not did develop this point.  More specifically, the record does not indicate that the work was not required by collapse of the north wall.  Consequently, there is no evidence in the record to support Mr. McGlocklin's contention that the $767.97 includes money spent on unrelated repairs.  This is certainly not a situation in which this

Court can conclude that the trial court "clearly lost its way" and created a "manifest miscarriage of justice." *See Eastley* at ¶ 20.

{¶9} Mr. McGlocklin's final argument is that the trial court erred in relying upon defense exhibits A, B, C, and D because they were not admitted at trial. Mr. McGlocklin's real argument, however, is that because the trial court did not specifically say that each exhibit was admitted, it was error to consider any of them. The transcript indicates that Mr. McGlocklin's argument is misplaced. The receipts upon which the trial court relied to calculate damages were *defense* exhibits – introduced by Mr. McGlocklin himself. According to the transcript, the Lubanoviches raised no objection, and the trial court stated immediately "They will all be admitted then." The trial court's further statements that some exhibits were not admitted and would be returned appears to refer to earlier discussion of exhibits that were contested, not to defense exhibits A, B, C, and D. To the extent that Mr. McGlocklin now takes issue with the trial court's action, no objection is reflected in the transcript. That issue is forfeited for purposes of appeal in the absence of plain error. *See generally Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). Mr. McGlocklin has not demonstrated that this case involves "exceptional circumstances" that seriously affect "the basic fairness, integrity, or public reputation of the judicial process," so we decline to recognize plain error, if any, in this instance. *Id.*

{¶10} Mr. McGlocklin's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY RULING THAT THE LUBANOVICHES WERE ENTITLED TO INTEREST OF 3% ON THE DAMAGES AWARD RUNNING FROM THE DATE OF THE ORIGINAL TRIAL JUDGMENT, SEPTEMBER 17, 2012.

{¶11} Mr. McGlocklin's second assignment of error argues that the trial court should have awarded interest from the date of the revised damage award instead of the original award. We disagree.

{¶12} Under R.C. 1343.03, judgment creditors are entitled to interest accruing at the statutory rate from the date of the judgment until the obligation is satisfied. When an award of damages is reversed on appeal and a modified award is entered later, the plaintiff should be placed in the same position with respect to interest that he or she would have been in had the trial court entered the correct judgment in the first instance. *Weber v. Weber*, 9th Dist. Summit No. 18355, 1998 WL 78669, *7 (Feb. 11, 1998). Consequently, "'the fact that a judgment or decree is reduced on appeal does not prevent the exaction of interest upon the reduced amount from the date of the original judgment or decree.'" *Viock v. Stowe-Woodward Co.*, 59 Ohio App.3d 3, 6 (6th Dist.1989), quoting *Armstrong v. Modern Sales & Constr. Co.*, 4th Dist. Adams No. 432, 1986 WL 6283, *3 (June 3, 1986). *See also Bingamon v. Curren*, 83 Ohio App.3d 711, 716 (2nd. Dist.1992); *Weber* at *7.

{¶13} In the prior appeal of this case, we affirmed the trial court's determination that Mr. McGlocklin was negligent, but reversed and remanded with respect to only the calculation of damages. *McGlocklin I*, 2014-Ohio-2459, at ¶ 16. The trial court's finding that Mr. McGlocklin was negligent in the construction of the Lubanoviches' basement stood, and our decision in that regard became the law of the case. *See Allen v. Bennett*, 9th Dist. Summit No. 24124, 2008-Ohio-4554, ¶ 9. This Court has now rejected Mr. McGlocklin's challenge to the amount of the subsequent reduced damage award, as addressed above. With respect to the accrual of interest on the award, the Lubanoviches should be placed in the same position that they would have been in had the trial court entered the correct judgment in the first place.

Although Mr. McGlocklin has argued that this Court should follow cases that reach a contrary result, they are distinguishable. When a determination of liability is reversed on appeal, the case is retried, and the trial court enters judgment again, courts may conclude that postjudgment interest should not run from the date of the original judgment. *See*, *e.g.*, *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 313 (1995). As explained above, however, that situation is not presented in this case.

**{¶14}** The trial court did not err by ordering interest to accrue from the date of the original judgment. Mr. McGlocklin's second assignment of error is overruled.

III.

**{¶15}** Mr. McGlocklin's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOHN BROOKS CAMERON and CHRISTOPHER JANKOWSKI, Attorneys at Law, for Appellant.

EDWARD and NANCY LUBANOVICH, pro so, Appellees.