[Cite as *Cable Busters, L.L.C. v. Mosley*, 2020-Ohio-3442.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

CABLE BUSTERS, LLC,                    :          APPEAL NO. C-190364
                                                 TRIAL NO. 19CV-05535
     Plaintiff-Appellant,          :
                                                 *O P I N I O N.*
  vs.                                   :

KAREN MOSLEY,                          :

     Defendant-Appellee.           :


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 24, 2020


*Kimberly Salzl*, for Plaintiff-Appellant,

*Karen Mosley,* pro se.

**CROUSE, Judge.**

{¶1} Plaintiff-appellant Cable Busters, LLC, appeals from the trial court's judgment ruling in favor of defendant-appellee Karen Mosley. For the reasons set forth below, we affirm the trial court's judgment.

{¶2} On June 18, 2018, Karen Mosley and Cable Busters, LLC,[1] entered into a written contract whereby Cable Busters agreed to replace the roofs on Mosley's house and garage for a price determined by Mosley's insurance carrier, State Farm. Most of the money was to be paid by State Farm. The service agreement obligated Mosley to pay only her insurance deductible and any code upgrades not covered by her insurance policy.

{¶3} State Farm issued one initial check and three additional checks upon completion of the work, all of which Mosley paid to Cable Busters. However, Mosley refused to pay the remaining invoice for $4,856.26. Cable Busters claimed that the remaining invoice included Mosley's deductible, supplements, and other code upgrades not covered by her insurance policy.

{¶4} On February 28, 2019, Cable Busters brought a breach-of-contract action against Mosley, seeking damages for the unpaid invoice. At trial, Mosley argued that she paid Cable Busters approximately $5,600 (the initial quote on the house plus the cost of the garage), and therefore, she paid Cable Busters the full amount due under the contract. Following a bench trial, the magistrate granted judgment in favor of Mosley. Without objection from Cable Busters, the trial court adopted the magistrate's decision. Cable Busters filed this timely appeal, raising two assignments of error.

---

[1] We note that Cable Busters, LLC, operated under the name Rescue Roofing & Satellite for purposes of the underlying contract. However, the trial court and the parties referred solely to Cable Busters, LLC, throughout the entirety of the proceedings, including in entry captions. Therefore, we refer to plaintiff-appellant as Cable Busters for purposes of this appeal.

{¶5} In its assignments of error, Cable Busters challenges the sufficiency and weight of the evidence underlying the trial court's decision to grant judgment in favor of Mosley. Cable Busters argues that we should review the trial court's judgment under a manifest-weight-of-the-evidence standard. However, Cable Busters failed to file objections to the magistrate's decision, and therefore, waived all but plain error.[2] *See* Civ.R. 53(D)(3)(b)(iv).

{¶6} The plain-error doctrine originated as a criminal-law concept. In criminal cases, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Although the Ohio Supreme Court recognized the possibility for plain error in the civil context, the court has made clear that the plain-error doctrine is disfavored in civil appeals. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997).

{¶7} The Ohio Supreme Court directed that the plain-error doctrine should never be applied to reverse a civil judgment to allow litigation of issues which could easily have been raised before and determined by the trial court. *Id.* Instead, the court cautioned appellate courts to apply the doctrine only in "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Id.* at 121. The court reasoned,

> While invocation of the plain error doctrine is often justified in order
> to promote public confidence in the judicial process, it is doubtful that

---

[2] In the procedural posture portion of its appellate brief, Cable Busters asserted that its failure to file objections resulted from the trial court's unreasonable denial of Cable Busters's motion for a continuance. However, Cable Busters never assigned error to this issue, and therefore, it is not properly before us.

the public's confidence in the jury system is undermined by requiring parties to live with the results of errors that they invited, even if the errors go to crucial matters. In fact, the idea that parties must bear the cost of their own mistakes at trial is a central presupposition of our adversarial system of justice.

(Internal quotations omitted.) *Id.*

{¶8} In this case, Cable Busters failed to file an objection to the magistrate's decision ruling in favor of Mosley. Not only did Cable Busters fail to present any argument to the trial court at a time when the alleged error could have been corrected, but it also failed to present a plain-error argument on appeal. In its brief, Cable Busters acknowledged its failure to object to the magistrate's decision but argued under a manifest-weight-of-the-evidence standard. Its brief does not even mention plain error. Where the appellant in a civil case does not properly invoke the plain-error doctrine, it cannot meet its burden on appeal and we will not sua sponte undertake a plain-error analysis on its behalf. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19 (holding that appellate courts are "not obligated to search the record or formulate legal arguments on behalf of the parties, because appellate courts do not sit as self-directed boards of legal inquiry and research, but preside essentially as arbiters of legal questions presented and argued by the parties before them"). *See also Roby v. Roby*, 4th Dist. Washington No. 15CA21, 2016-Ohio-7851, ¶ 18; *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500; *In re A.R.*, 12th Dist. Butler No. CA2015-08-143, 2016-Ohio-4919, ¶ 33.

{¶9} As noted by the Ohio Supreme Court, " 'justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.' " *Quarterman* at ¶ 19, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330,

4

333, 453 N.E.2d 632 (1983), fn. 2. Here, we are lacking all three. Because Cable Busters failed to sufficiently argue a claim of plain error, it forfeited the right to plain-error review on appeal. Accordingly, Cable Busters's two assignments of error are overruled.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.