[Cite as *Ho v. Co*, 2024-Ohio-5895.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHIA CHI HO, | : | APPEAL NO. C-240141 |
| | | TRIAL NO. DR-2001507 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| CARLOS CHUA CO, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part and Reversed in Part

Date of Judgment Entry on Appeal: December 18, 2024

*Dr. Chia Chi Ho*, pro se,

*Dr. Carlos Chua Co*, pro se.

**BERGERON, Judge.**

**{¶1}** This divorce case, or some variant of it, makes its fourth appearance before us. The wife appeals, challenging an array of decisions by the trial court concerning procedural issues, contempt, attorney's fees, and underlying custody issues. After a careful review of the record, we find no error save one—the trial court improperly awarded attorney's fees. We accordingly reverse that aspect of its judgment, but otherwise affirm.

**I.**

**{¶2}** This case has its roots in the divorce of wife-appellant Dr. Chia Chi Ho and husband-appellee Dr. Carlos Co. We previously reviewed the underlying divorce decree in *Ho v. Co*, 2023-Ohio-3698 (1st Dist.) ("*Ho I*"), issues pertaining to the award of GAL fees in *Ho v. Co*, 2024-Ohio-2424 (1st Dist) ("*Ho II*"), and a vexatious-litigator determination in *Ho v. Evans*, 2024-Ohio-5184 (1st Dist.) ("*Ho III*"). Those cases form the backdrop to this appeal, and interested readers may consult the prior cases to better understand the nuanced tapestry that leads us to the present one.

**{¶3}** As part of the divorce, the court divided the parties' property, which required Dr. Ho to make an equalization payment of around $542,000, and it awarded custody of the couple's son to Dr. Co. Dr. Ho, however, failed to fully satisfy the equalization payment, leaving a balance of approximately $368,000 outstanding.

**{¶4}** In 2022, Dr. Co filed a motion to hold Dr. Ho in contempt for failing to comply with the court's order to pay the equalization, and after an interlude due to some appellate wranglings, the court granted his motion in 2024. The court found Dr. Ho in contempt of the order to pay the property equalization, sentencing her to ten days in jail if she failed to pay the outstanding balance by a date certain (which essentially allowed her to "purge" the contempt). With the benefit of that grace period,

Dr. Ho eventually paid the balance under the wire before being incarcerated.

{¶5} Other motions before the court included Dr. Co's motions for attorney's fees and Dr. Ho's motion to expand parenting time. Resolving several issues, the trial court handed down an entry (the "February 7 entry") that addressed the contempt issue, but also ordered Dr. Ho to pay Dr. Co's attorney's fees amounting to $17,894 and denied her motion for expanded parenting time, leaving the previous parenting terms intact.

{¶6} Dr. Ho timely appealed, presenting five assignments of error for our review.

II.

A.

{¶7} In her first assignment of error, Dr. Ho attacks the February 7 entry as void based on her intervening designation as a vexatious litigator under R.C. 2323.52 (which occurred after the filing of her motion for expanded parenting time but before the February 7 entry). In essence, she claims that the court lacked the authority to proceed with the matter based on the vexatious litigator designation. We disagree.

{¶8} This seems to be an attack on the trial court's jurisdiction, so we consider the matter de novo. *State v. Grant*, 2016-Ohio-7857, ¶ 11 (1st Dist.). Pursuant to R.C. 2323.52(D)(1), if a person is found to be a vexatious litigator, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of the court to proceed: (a) instituting legal proceedings in any court, (b) continuing legal proceedings the vexatious litigator had instituted in any court prior to entry of the order, and (c) making any application, other than for leave to proceed under R.C. 2323.52(F)(1). The common pleas court declared Dr. Ho a vexatious litigator,

although we would later reverse this determination in *Ho III*, 2024-Ohio-5184 (1st Dist.), for a lack of evidence. But at the time in question, Dr. Ho was found to be vexatious under the statute.

**{¶9}** From Dr. Ho's perspective, this required the trial court here to put the brakes on all proceedings. Not so. First of all, the court had before it several motions—contempt and attorney's fee requests by Dr. Co, and parenting-time matters raised by Dr. Ho. The motions filed by Dr. Co, seeking affirmative relief in his own right, do not appear to us to be covered by the statute. After all, Dr. Co was never declared to be a vexatious litigator. Therefore, the court properly considered his motion for contempt and attorney's fees.

**{¶10}** Turning to Dr. Ho's motion for expanded parenting time, she filed that motion in November 2023, a few months prior to her vexatious designation in January 2024. As a result, she did not need to seek leave to file the motion under R.C. 2323.52. The question becomes whether she "continued" the proceedings and the answer to that appears to be "no" based on a recent decision from the Supreme Court in *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, 2023-Ohio-3993.

**{¶11}** In *Mobley*, the party determined to be a vexatious litigator had mailed objections to the magistrate's decision prior to his vexatious litigator determination (much like Dr. Ho filed her motion prior to her vexatious designation). *Id.* at ¶ 3. The Court held that he did not "continue" his proceedings below under the plain meaning of R.C. 2323.52(I) because he "took no further action to resume, add to, or draw out his case." *Id.* at ¶ 14. The Court declined to place a burden on a litigant who filed certain matters before a vexatious litigator designation to withdraw all of those motions. *Id.* at ¶ 12.

**{¶12}** Under this view of "continue," Dr. Ho didn't continue or elongate the

4

proceedings—she properly filed a motion pre-vexatious designation and the court was at liberty to rule on it. But even if we harbored doubt on this point, a trial court can grant leave of court under R.C. 2323.52(F)(1) to enable a vexatious litigator to continue a case or some aspect of it. A court enjoys the discretion to allow a vexatious litigator to continue proceedings, and the vexatious litigator designation cannot be wielded as a sword to frustrate the court's ability to manage its docket.

**{¶13}** Therefore, the court properly exercised its jurisdiction and its February 7 entry was not void. We overrule Dr. Ho's first assignment of error.

B.

**{¶14}** Dr. Ho's second assignment of error advances a related procedural issue targeting the February 7 entry. She insists that the entry was not served upon her, and thus it must be dismissed as void. If we consider this to be akin to a service-of-process issue, our review would be for an abuse of discretion, but it's framed more as an attack on the court's jurisdiction, triggering de novo review.

**{¶15}** Dr. Ho attempts to analogize this situation to *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61 (1956), which dealt with service of process. But service of process and service of a court's entry are different matters. We have previously recognized, in *Ho I*, that any failure by the clerk to effectuate service of an entry does not render it void pursuant to Civ.R. 58(B). *Ho I*, 2023-Ohio-3698, at ¶ 12, quoting Civ.R. 58(B) ("Regardless, it is well-established in Ohio that '[t]he failure of the clerk to serve notice does not affect the validity of the judgment[.]'"").

**{¶16}** It's possible that a party prejudiced by the failure of service of an entry could seek to restart a timeline that had lapsed, but that issue isn't before us. Dr. Ho does not claim any prejudice from the potential failure of service, and we see no support in the caselaw for simply declaring the order void. Therefore, even if we

assume for the moment that the clerk did not effectively serve notice here, the judgment remains valid.

**{¶17}** But we're not even convinced that a service mishap occurred here. The February 7 entry explicitly states, "[c]opies sent by Clerk of Courts to Chia Chi Ho, Pro Se," which certainly suggests that it was properly served. No evidence was introduced in the record to cast doubt on this assertion.

**{¶18}** We accordingly overrule Dr. Ho's second assignment of error.

C.

**{¶19}** In her third assignment of error, Dr. Ho maintains that the trial court erred in granting Dr. Co attorney's fees based upon the "American rule"—the principle that each party generally bears his or her own attorney's fees absent a statute or a contract to the contrary. We generally review an award of attorney's fees for an abuse of discretion. *Kitchens v. Ruff*, 2022-Ohio-1378, ¶ 11 (1st Dist.), citing *Hensel v. Childress*, 2019-Ohio-3934, ¶ 15 (1st Dist.), citing *State ex rel. Cincinnati Enquirer v. Allen*, 2005-Ohio-4856, ¶ 11 (1st Dist.). A court abuses its discretion when it exercises its judgment, in an unwarranted way, with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶20}** The trial court awarded around $17,000 in attorney's fees to Dr. Co in the February 7 entry, explaining that the basis for the award was that "Mother has engaged in excessive litigation." The court did not cite any statutory basis for such an award, and to try to understand the rationale better, we turn to the pair of attorney's fee motions filed by Dr. Co.

**{¶21}** Importantly, neither motion cites a statutory basis for an award of fees. The first motion is premised on Dr. Ho's contempt and seeks a few hundred dollars in fees based upon her contemptuous conduct. The second charges her with "excessive

litigation," which the motion explains includes litigation pursued by Dr. Ho in other forums (i.e., not before the domestic relations court). The motion attaches an exhibit that lists monthly billing amounts but no backup material to indicate the hourly rates, the time involved, or the task at hand (or even which case it pertained to).

{¶22} Dr. Ho insists that such an award violates the American rule, and on this record, we are constrained to agree with her. The trial court identified no statutory basis that would support an award of attorney's fees for "excessive" litigation, and Dr. Co in his appellate brief likewise fails to substantiate the legal basis for such an award. Instead, he points to other potential bases for awards of attorney's fees in domestic-relations matters that were not presented to the trial court below. We are not aware of a basis that entitles someone to legal fees for "excessive" litigation in cases not before the awarding court. To be sure, it is conceivable that there could be some exception to the American rule that would enable all or part of the fees to be awarded. But it was never presented to the trial court, and that court failed to identify an appropriate legal basis for the award of fees.

{¶23} Accordingly, we sustain Dr. Ho's third assignment of error and reverse the attorney's fee award.

D.

{¶24} In her fourth assignment of error, Dr. Ho claims that the trial court erred in sentencing her to ten days in jail as punishment for contempt relating to her failure to pay the property equalization and the associated interest fees.

{¶25} We typically review contempt determinations for an abuse of discretion. *State v. Adams*, 2014-Ohio-2728, ¶ 10 (1st Dist.), citing *State v. Kilbane*, 61 Ohio St.2d 201, paragraph one of the syllabus (1980). A court abuses its discretion when it exercises its judgment, in an unwarranted way, with respect a matter over which it has

7

discretionary authority. *Abdullah*, 2021-Ohio-3304, at ¶ 35.

**{¶26}** Admittedly, we do have some concern about the use of contempt power to toss someone in jail for her failure to pay a judgment without an analysis of her ability to pay. The trial court, however, provided a purge condition that enabled Dr. Ho to avoid the jail sentence if she paid the judgment. And Dr. Ho did so, which renders this assignment of error moot. *See Hammond v. Hammond*, 2020-Ohio-3443, ¶ 7 (1st Dist.) (explaining that when a "contemnor voluntarily purges the contempt, the propriety of the contempt order is rendered moot and the appeal challenging the contempt [] should be dismissed."). Accordingly, we are not able to review the underlying merits of the contempt order and must dismiss that portion of the appeal.

E.

**{¶27}** In her final assignment of error, we review the trial court's denial of Dr. Ho's motion to expand her parenting time. We review a denial of a motion to modify the allocation of parental rights and responsibilities under an abuse of discretion standard. *Cwik v. Cwik*, 2011-Ohio-463, ¶ 42 (1st Dist.).

**{¶28}** Dr. Ho requested an expansion of her parenting time, but the trial court rejected this request. It considered the statutory factors concerning the best interest of the child, explained that Dr. Ho was residing at least part-time in California at that point, and that the child had not requested additional time (but could do so).

**{¶29}** On appeal, Dr. Ho frames this determination as a violation of her constitutional and statutory rights, directing us to the Due Process Clause and R.C. 3109.051(D). But Dr. Ho fails to explain how or why the trial court went astray here. To us, it appears that the trial court considered appropriate factors in evaluating the motion for expanded parenting time and acted within its discretion. Dr. Ho does not

8

identify any infirmity in the trial court's judgment for us to analyze, and we decline to speculate on the potential nature of an undeveloped argument.

**{¶30}** Accordingly, we overrule her fifth assignment of error.

\* \* \*

**{¶31}** This (hopefully) final chapter of the parties' divorce proceedings may not be fully satisfying to either side, and we appreciate the strong emotions at issue here. Ultimately, a contentious divorce like this leaves no one happy. But at some point, the parties should move forward beyond the courthouse doors. For the reasons outlined above, we sustain Dr. Ho's third assignment of error, reversing the trial court's fee award, and overrule the remaining assignments of error, except the fourth assignment of error which is dismissed as moot.

Judgment accordingly.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.