[Cite as *Ho v. Co*, 2025-Ohio-1427.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHIA-CHI HO, | : | APPEAL NO. C-240338 |
| | | TRIAL NO. DR-2001507 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| CARLOS CHUA CO, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 23, 2025

*Chia-Chi Ho*, pro se,

*Carlos Chua Co*, pro se.

**BOCK, Judge.**

**{¶1}** In this postdecree-divorce action, plaintiff-appellant Dr. Chia-Chi Ho appeals the trial court's order, which held her in civil contempt and threatened jail time as a sanction for failing to pay $25,093.79 in interest on an outstanding equalization payment owed to her ex-husband, defendant-appellee Dr. Carlos Chua Co. In a single assignment of error, Dr. Ho raises procedural and substantive challenges to the trial court's order.

**{¶2}** We overrule Dr. Ho's assignment of error. First, any deficiency in the service of the trial court's order did not render the order void. Second, interest on the outstanding equalization payment properly accrued during the pendency of an appeal. Third, Dr. Ho's vexatious-litigator status did not prevent her from submitting responsive filings in opposition to Dr. Co's motions for contempt. Finally, the omission of transcripts of the contempt hearings prevents us from reaching the merits of her substantive challenges to the trial court's contempt order.

**{¶3}** We affirm the trial court's judgment.

### I. Factual and Procedural History

**{¶4}** Dr. Ho and Dr. Co were divorced by decree in July 2022. *See Ho v. Co,* 2023-Ohio-3698, ¶ 6 (1st Dist.) ("*Ho I*"). Since then, this court has addressed a variety of postdecree issues in five appeals. Months ago, we recited the "nuanced tapestry" of the case to contextualize the issues that have come before this court:

> We previously reviewed the underlying divorce decree in [*Ho I*], issues
> pertaining to the award of GAL fees in *Ho v. Co*, 2024-Ohio-2424 (1st
> Dist.) ("*Ho II*"), and a vexatious-litigator determination in *Ho v. Evans*,
> 2024-Ohio-5184 (1st Dist.) ("*Ho III*").

*Ho v. Co,* 2024-Ohio-5895, ¶ 2 (1st Dist.) ("*Ho IV*").

**{¶5}** Then in *Ho IV,* Dr. Ho challenged "an array of decisions by the trial court concerning procedural issues, contempt, attorney's fees, and underlying custody issues." *Id.* at ¶ 1. The contempt order at issue in *Ho IV* concerned Dr. Ho's obligation to pay the remaining $368,000 of the equalization payment owed to Dr. Co as part of the trial court's division of property. *Id.* at ¶ 3. While the trial court sentenced her to ten days in jail for her contempt, we held that her appeal was moot after she purged her contempt and paid Dr. Co. *Id.* at ¶ 26.

**{¶6}** Relevant here, in August 2023, Dr. Co filed a "MOTION FOR HEARING, MOTION FOR PAYMENT, MOTION FOR INTEREST" seeking an order instructing Dr. Ho to pay the outstanding equalization-payment balance, attorney fees, and "interest on the outstanding amount owed to [Dr. Co]." Dr. Co noted that the interest rate prescribed by the tax commissioner for R.C. 5703.47 was three percent in 2022 and five percent in 2023.

**{¶7}** At a hearing, Dr. Ho argued that she was unable to pay the equalization payment due to exorbitant guardian ad litem ("GAL") fees. *See Ho II*, 2024-Ohio-2424, at ¶ 24 (1st Dist.) (noting that the more than $150,000 "GAL fees at issue in this case exceed by a large margin any reported Ohio case that we could find and shock the conscience"). The trial court granted Dr. Co's motion for interest and ordered Dr. Ho to pay "$368,408 before the hearing on 11/21/2023. She also owes interest at the rate of 3%." While the order identified the interest rate, it failed to include a dollar amount or effective date.

**{¶8}** In November 2023, Dr. Ho filed an affidavit of disqualification of the trial court judge in the Supreme Court of Ohio. Citing that affidavit of disqualification, Dr. Ho moved to stay the equalization- and interest-payment order and argued that her affidavit deprived the trial court of its authority over the case. Her affidavit of

disqualification was ultimately denied.

**{¶9}** Recognizing the uncertainty surrounding the trial court's interest award, Dr. Co filed a "motion to clarify" and requested "the interest be ordered back to December 20, 2021[,] for the amount remaining." In response, Dr. Ho objected "to the motion for interest," arguing that the trial court's property division did not award Dr. Co interest and that modifying the property division constituted "an unfair surprise." Before the January 2024 hearing, Dr. Ho filed a successive affidavit of disqualification of the trial court judge with the Supreme Court of Ohio. *See Ho v. Co (In re Sundermann)*, 2023-Ohio-4884, ¶ 1. Once again, it was denied. *Id.* In early January 2024, the trial court denied Dr. Ho's motion to stay.

**{¶10}** In February 2024, the trial court journalized an order stating that Dr. Ho "owes interest on said amount at the rate of 3% effective back to December 20, 2021[,] and compounded annually." In another order, the trial court found Dr. Ho in contempt for nonpayment of the equalization payment and sentenced her to ten days in jail, beginning the following month. Dr. Ho ultimately purged that contempt with a payment to Dr. Co of the remainder of the equalization payment.

**{¶11}** In early April 2024, Dr. Co moved to compel Dr. Ho's payment of $25,093.79 in interest and pointed out that the trial court failed to set a "specific date for payment." Later that month, the trial court found Dr. Ho in contempt for nonpayment of attorney fees and noted, "Although [Dr. Ho] paid the equalization payment of $368,408 to [Dr. Co], she did not pay the 3% interest totaling $25,093.79." It directed Dr. Ho to "pay the interest totaling $25,093.79 on or before 5/13/24."

**{¶12}** After a May 2024 hearing, the trial court found that Dr. Ho "has not paid to [Dr. Co] the interest totaling $25,093.79 on the equalization payment, as ordered." It imposed "10 consecutive days of incarceration commencing 7/22/2024" and

informed Dr. Ho that she could avoid that sentence and purge her contempt if she paid Dr. Co. the interest in full.

## II.    Analysis

**{¶13}** On appeal, Dr. Ho raises several procedural and substantive issues with the trial court's order of contempt and the underlying interest payment.

### A. *Dr. Ho involuntarily purged her contempt*

**{¶14}** As a threshold matter, Dr. Co argues that Dr. Ho paid the interest on the equalization payment, which purged her contempt and avoided jail. He appears to argue that her appeal is moot. Dr. Ho responds and maintains that her payment was involuntary and not moot. We agree with Dr. Ho.

**{¶15}** Our review is limited to actual controversies capable of resolution by a judgment that can be carried into effect. *See Cincinnati Gas & Elec. Co. v. PUC,* 2004-Ohio-5466, ¶ 17. When issues before this court are no longer live, the appeal is moot and beyond the scope of our review. *See Hammond v. Hammond*, 2020-Ohio-3443, ¶ 6 (1st Dist.). Thus, an appeal is moot if an event makes it impossible to resolve the issue and grant relief. *See Andrew v. Dennis*, 2022-Ohio-2567, ¶ 7 (1st Dist.).

**{¶16}** When a contemnor "voluntarily purges the contempt, the propriety of the contempt order is rendered moot and the appeal challenging the contempt finding should be dismissed." *Hammond* at ¶ 7. In *Ho IV,* we held that Dr. Ho's equalization payment to Dr. Co rendered her challenge to the trial court's contempt order for nonpayment of that equalization payment moot. *See Ho IV*, 2024-Ohio-5895, at ¶ 26 (1st Dist.); *see also Ho III,* 2024-Ohio-5184, at ¶ 13 (1st Dist.) ("we dismissed Dr. Ho's appeal of a contempt ruling because she had purged the contempt, rendering her appeal moot"); *Hammond* at ¶ 9; *McRae v. McRae*, 2012-Ohio-2463, ¶ 9 (1st Dist.).

**{¶17}** Dr. Co is correct that Dr. Ho paid him the $25,093.79 interest payment in May 2024. But we must determine if her payment was voluntary.

**{¶18}** R.C. 2705.09 governs appeals of contempt orders and provides that a contemnor can seek a stay of the contempt order by "fil[ing] bond in the court rendering the judgment, or in the court or before the officer making the order . . . in an amount fixed by the reviewing court." Both App.R. 7 and Loc.R. 4.1. instruct a party to first file an application or motion for a stay. A contemnor voluntarily purges her contempt if she "fail[s] to avail h[er]self of the procedure set forth in R.C. 2705.09." *Hammond*, 2020-Ohio-3443, at ¶ 8 (1st Dist.). In contrast, a contemnor involuntarily purges her contempt when she "did not make the [] payment until after she filed [her] appeal and after [the court] denied her motion for a stay pending appeal." *Kapadia v. Kapadia,* 2012-Ohio-808, ¶ 7 (8th Dist.); *see Janosek v. Janosek,* 2007-Ohio-68, ¶ 126 (8th Dist.) (purge of husband's contempt was involuntary after he filed an emergency motion to stay in the court of appeals).

**{¶19}** Here, Dr. Ho appealed the contempt order and moved to stay execution of that order, as was required by Loc.R. 4.1. After this court denied her attempt to avail herself of R.C. 2705.09, she paid the interest. That payment was involuntary, and her appeal is not moot.

## B. *Deficient service of an order does not render that order void*

**{¶20}** Dr. Ho argues that she never received service of the trial court's February 2024 order clarifying the interest owed to Dr. Co. She asserts that deficient service of an order renders that order void, citing *Lincoln Tavern, Inc. v. Snader,* 165 Ohio St. 61 (1956), *Westmoreland v. Valley Homes Mut. Hous. Corp.,* 42 Ohio St.2d 291 (1975), and *G.K.G. Builders, Inc. v. Burgess*, 2014-Ohio-2431 (6th Dist.).

**{¶21}** But we rejected similar arguments in *Ho I* and *Ho IV*, where we explained that *"any failure by the clerk to effectuate service of an entry does not render it void pursuant to Civ.R. 58(B)." Ho IV,* 2024-Ohio-5895, at ¶ 15 (1st Dist.), citing *Ho I*, 2023-Ohio-3698, at ¶ 12 (1st Dist.). The cases cited by Dr. Ho addressed issues surrounding service of complaints, not court orders. *See Lincoln Tavern* at syllabus; *see also Westmoreland* at 293 ("no evidence to indicate that appellant, at any time, received a copy of any amended complaint"); *Burgess* at ¶ 15–16, 20 (affirming a judgment denying a motion to set aside a judgment because "service by ordinary mail was 'made' when the clerk placed a copy of the summons and complaint in the mail and the fact of the mailing is placed on the record"). We explained in *Ho IV* that "service of process and service of a court's entry are different matters." *Ho IV* at ¶ 15.

**{¶22}** We recognized in *Ho IV* the "possib[ility] that a party prejudiced by the failure of service of an entry could seek to restart a timeline that had lapsed." *Id.* at ¶ 15. But there is no evidence that Dr. Ho was prejudiced by any service deficiency. The February 2024 entry failed to set a deadline for the interest payment. And Dr. Ho *was* served the April 2024 entry, which informed her of the May 2024 deadline to pay the $25,093.79 interest. Any issue regarding service of the February 2024 order did not affect Dr. Ho's timetable for paying the interest. In the end, Dr. Ho had notice of the interest payment deadline. Any deficiency in service of the February 2024 order resulted in no prejudice.

### C. *Failure to argue plain error forfeits an argument on appeal*

**{¶23}** Dr. Ho contends that the trial court erred when it allowed counsel for Dr. Co to draft the February 2024 order clarifying the interest award. Dr. Ho failed to object below to the court using an attorney-drafted proposed entry and does not argue plain error on appeal. Therefore, she has forfeited this argument. *See Cable Busters,*

*LLC v. Mosley*, 2020-Ohio-3442, ¶ 8 (1st Dist.) ("Where the appellant in a civil case does not properly invoke the plain-error doctrine, [she] cannot meet [her] burden on appeal and we will not sua sponte undertake a plain-error analysis on [her] behalf.").

### D. *Interest on the equalization payment continued to accrue*

**{¶24}** Dr. Ho also argues that interest should not have accrued during the pendency of her appeal in *Ho I* because the trial court held the matters that were pending before it in abeyance. We disagree.

**{¶25}** Under R.C. 1343.03(A), when "money becomes due and payable . . . upon all judgments, decrees, and orders . . . for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to [R.C.] 5703.47." The postjudgment-interest statute "applie[s] to domestic relations proceedings in which the trial court orders a distribution of marital assets." *Chasko v. Chasko*, 2010-Ohio-3599, ¶ 28 (8th Dist.), citing *Augier v. Augier*, 2010-Ohio-679, ¶ 50 (11th Dist.), and *Curtis v. Rinehart,* 2001-Ohio-4060 (4th Dist.). Under R.C. 1343.03(B), postjudgment interest is "computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." Postjudgment interest both "guarantee[s] . . . prompt payment, and [] prevent[s] the judgment debtor from profiting at the expense of the [creditor] by withholding money belonging to the [creditor]." *Goddard v. Children's Hosp. Med. Ctr.,* 141 Ohio App.3d 467, 470 (1st Dist. 2000).

**{¶26}** Generally, during the pendency of an appeal, interest accrues from the date of the original judgment. *See Lubanovich v. McGlocklin,* 2015-Ohio-4618, ¶ 12 (9th Dist.). This rule applies even if the underlying ""judgment or decree is reduced on appeal.""" *Id.,* quoting *Viock v. Stowe-Woodward Co.,* 59 Ohio App.3d 3, 6 (6th

Dist. 1989), quoting *Armstrong v. Modern Sales & Constr. Co.,* 1986 Ohio App. LEXIS 6988, *3 (4th Dist. June 3, 1986).

**{¶27}** Caselaw suggests that two scenarios will reset the interest-accrual clock. The interest-accrual clock resets when the judgment-debtor's liability itself is reversed on appeal, and after a retrial, liability is found for a second time. *See Sharp v. Norfolk & W. Ry.,* 72 Ohio St.3d 307, 313 (1995). The clock also resets if there is evidence of "waiver or bad faith on the part of the prevailing party estopping it from claiming interest." *Goddard* at 470. Neither exception applies here.

**{¶28}** Therefore, the interest on the equalization payment properly accrued during the pendency of *Ho I.*

### E. *Dr. Ho's vexatious-litigant status did not impede her ability to oppose Dr. Co's motions*

**{¶29}** Dr. Ho contends that after she was declared a vexatious litigator, the trial court erred when it forced her to continue the proceedings without leave in violation of R.C. 2323.52.

**{¶30}** After Dr. Ho sued Dr. Co and the GAL for damages in a separate case, Dr. Co moved to declare Dr. Ho a vexatious litigator. *See Ho III,* 2024-Ohio-5184, at ¶ 5 (1st Dist.). The trial court agreed with Dr. Co and "prohibited [Dr. Ho] from instituting, continuing, or making any application in any legal proceedings, without first obtaining leave from this court." But we reversed the trial court's declaration. *Id.* at ¶ 1. Dr. Ho argues that orders following the trial court's vexatious-litigator declaration must be vacated because the restrictions as a vexatious litigator rendered all proceedings fundamentally unfair. In support, Dr. Ho cites a transcript from the January 2024 hearing that is not in the record.

**{¶31}** Dr. Ho's vexatious-litigator status did not prevent her from opposing Dr. Co's motions for interest, clarification, or contempt. The vexatious-litigator statute and the order prevented her from instituting proceedings, continuing proceedings previously instituted by Dr. Ho, or making an "application" without filing for leave. *See* R.C. 2323.52(D)(1). Responsive pleadings that do not request an order or relief are not "applications" under the vexatious-litigator statute. *See Superior Waterproofing, Inc. v. Karnofel,* 2016-Ohio-6992, ¶ 14 (11th Dist.), quoting *Beverly v. Lasson,* 2008-Ohio-3707, ¶ 38 (2d Dist.). As a result, Dr. Ho's vexatious-litigator status did not impede her ability to oppose Dr. Co's motions for interest and contempt.

## F. *We cannot reach the merits of Dr. Ho's substantive challenges without hearing transcripts*

**{¶32}** Finally, Dr. Ho argues that "[t]he trial court erred substantively" when it found her in contempt and imposed a ten-day sentence for nonpayment of the interest because her sentence violates Section 15, Article 1, of the Ohio Constitution. She also argues that the interest award "is an unfair surprise, imposes undue hardship, and is prejudicial" because the trial court failed to assess her ability to pay.

**{¶33}** We review the trial court's contempt order for an abuse of discretion. *Boyd v. Boyd,* 2022-Ohio-4775, ¶ 11 (10th Dist.). Likewise, "the decision to award interest on obligations arising from a division of marital property lies within the sound discretion of the trial court." *Covert v. Covert*, 2004-Ohio-3534, ¶ 33 (4th Dist.), citing *Koegel v. Koegel*, 69 Ohio St.2d 355 (1982), syllabus.

**{¶34}** In divorce cases, property divisions incorporated into a divorce decree are enforced "through a contempt action." *Blazic v. Blazic,* 2005-Ohio-4417, ¶ 20 (1st Dist.); *see* R.C. 2705.02(A). Contempt is the disregard of or noncompliance with an order or command of a court. *Boyd* at ¶ 9. Civil contempt is designed "to encourage or

even coerce the party to comply with the violated provision of the decree for the benefit of the other party." *Id.* To find that a party is in civil contempt of court, "[t]he trial court must make its finding . . . upon a showing of clear and convincing evidence." *Id.* at ¶ 10, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 139 (1984).

**{¶35}** When a moving party establishes contempt by clear and convincing evidence, the burden shifts to the nonmoving party to "either rebut the initial showing or demonstrate an affirmative defense by a preponderance of the evidence." *Boyd* at ¶ 10. Impossibility of compliance with a contempt order can be raised as an affirmative defense. *Id.* at ¶ 18. Courts have held that "'"[t]he trial court abuses its discretion in ordering purge conditions that are unreasonable or where compliance is impossible."'" *Wehrle v. Wehrle*, 2013-Ohio-81, ¶ 57 (10th Dist.), quoting *Rife v. Rife,* 2012-Ohio-949*,* ¶ 20 (10th Dist.), quoting *McEnery v. McEnery,* 2000 Ohio App. LEXIS 6009, *13 (10th Dist. Dec. 21, 2000). However, a contemnor's "bare assertion" that she is unable to pay is insufficient to satisfy her burden of establishing impossibility. *See Liming v. Damos,* 2012-Ohio-4783, ¶ 21.

**{¶36}** Critically, our review is limited to the record. *See* App.R. 9. Under App.R. 9(B)(1), an appealing party must order transcripts that she "considers necessary for inclusion in the record." When those necessary transcripts are absent from the record, a "reviewing court must presume the regularity of the lower court's proceedings and affirm the judgment of the court below." *State v. Bumu,* 2017-Ohio-6901, ¶ 16 (1st Dist.); *see Ho I,* 2023-Ohio-2969, at ¶ 15 (1st Dist.).

**{¶37}** Here, the record includes the transcript of the November 2023 hearing on Dr. Co's motion to compel payment of the equalization payment and for interest. At that hearing, Dr. Co argued his motions and pointed to Dr. Ho's retention of the marital residence worth $600,000 and the "open HELOC [home equity line of credit]

on the property of $400,000." When questioned about the HELOC, Dr. Ho informed the trial court that she had borrowed money to pay the equalization payment and GAL fees. But she was unable to answer the trial court's questions about how much she could borrow against the equity in her home.

**{¶38}** Dr. Ho failed to file a transcript of the January 2024 hearing on Dr. Co's motion to clarify. She also failed to file transcripts of the contempt hearings in March, April, or May 2024. Without transcripts of the contempt hearings, we have no way of knowing whether Dr. Ho argued to the trial court that her ten-day sentence violated Section 15, Article 1, of the Ohio Constitution. *See Burd v. Artis,* 2025-Ohio-625, ¶ 16 (1st Dist.). And while she did oppose Dr. Co's motion to clarify in writing and argued that Dr. Co's accrual date constituted unfair surprise, we have no way of knowing what evidence she presented to the trial court at any of the hearings in 2024.

**{¶39}** Again, we must presume the regularity of the proceedings on Dr. Co's motion to clarify and motions for contempt. So, we cannot say that the trial court abused its discretion when it held Dr. Ho in contempt and sentenced her to ten days in jail for nonpayment of the equalization interest.

**{¶40}** In sum, we overrule Dr. Ho's sole assignment of error because any deficiency in the service of the trial court's order clarifying its interest award did not render the order void, the interest properly accrued during the pendency of *Ho I*, her vexatious-litigator status did not prevent her from opposing Dr. Co's motions for interest and contempt, and her omission of hearing transcripts requires us to presume the regularity of the trial court's proceedings.

### III.    Conclusion

**{¶41}** We overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** concurs.
**ZAYAS, J.,** dissents.

**ZAYAS, J.,** dissenting.

{**¶42**} I respectfully dissent as I would hold that the appeal is moot based on Dr. Ho's voluntary satisfaction of the purge condition—i.e., payment of the interest money—during the pendency of the appeal.

{**¶43**} "In the context of civil contempt, when the contemnor voluntarily purges the contempt, the propriety of the contempt order is rendered moot and the appeal challenging the contempt finding should be dismissed." *Hammond v. Hammond*, 2020-Ohio-3443, ¶ 7 (1st Dist.), citing *Darr v. Livingston*, 2017-Ohio-841, ¶ 15, 18 (10th Dist.), *McRae v. McRae*, 2012-Ohio-2463, ¶ 7, 9 (1st Dist.), and *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 22.

{**¶44**} "In some circumstances, the threat of imprisonment may support a conclusion that a party did not voluntarily pay a fine or judgment." *Crites v. Crites,* 2019-Ohio-1043, ¶ 14 (3d Dist.), citing *Baker-Chaney v. Chaney*, 2017-Ohio-5548, ¶ 49, fn. 2 (5th Dist.), *Janosek v. Janosek*, 2007-Ohio-68, ¶ 125-127 (8th Dist.), and *In re Contempt of Morris*, 110 Ohio App.3d 475, 479 (8th Dist. 1996). However, "[t]he common thread in these cases is that the payor paid the fine or judgment under some degree of compulsion, either by being deprived of a meaningful opportunity to file a motion to stay execution of the trial court's judgment or by being threatened with the prospect of immediate incarceration for failure to pay." *Id.* For example, in *Janosek,* the trial court ordered a contemnor to make the payment at issue by 4:00 p.m. on the day of the hearing or be incarcerated for ten days. *See Janosek* at ¶ 125.

**{¶45}** Here, Dr. Ho was provided with over two months to utilize the procedures available to her to obtain a stay of the court's judgment. Yet, during that time, she only made one attempt to stay, and her motion failed to comply with the requirements of this court. More specifically, we held that the "motion fails to address the factors set forth in Loc.R. 4.1," which requires—among other things—that a party outline the reasons for the relief requested and discuss the likelihood of success of the appeal. This court held that the motion "focused on GAL fees while the order [she] seeks to appeal and stay pertains to a property equalization payment." However, we explicitly said in the entry that Dr. Ho was free to refile a motion in compliance with the local rule. She never did so.

**{¶46}** Dr. Ho ultimately paid the full interest amount to Dr. Co on July 18, 2024, several weeks after this court's denial of the motion to stay and several days in advance of the trial court's deadline. Consequently, the trial court entered an order the following day vacating the sentence after finding that Dr. Ho purged her contempt.

**{¶47}** Because Dr. Ho failed to properly utilize the procedures available to her to obtain a stay, despite having the time to do so, I would hold that Dr. Ho voluntarily purged her contempt during the pendency of the appeal and would therefore hold that the appeal is moot. Consequently, I would dismiss the appeal.

Please note:

The court has recorded its entry on the date of the release of this opinion.